# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ISEAH GONZALEZ,<br><br>Defendant. | Case No. 1:17-mj-00132-SAB<br><br>DETENTION ORDER |

On August 14, 2017, a warrant was issued by the United States District Court for the Western District of Texas due to Eric Iseah Gonzalez ("Defendant") failure to appear for a court hearing. On August 17, 2017, Defendant Gonzalez appeared for initial appearance on the out of district warrant for failure to appear.

Defendant Gonzalez argues that this Court does not have jurisdiction to order him detained because the failure to appear warrant is not based on probable cause. Defendant relies on U.S. v. Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004) to support his argument that the failure to appear warrant was not based on probable cause and therefore this Court cannot modify his conditions of release. However, the issue in Vargas-Amaya was whether 18 U.S.C. § 3583(i) authorized the issuance of a warrant which is not based on facts supported by oath or affirmation. Id. at 903. Vargas-Amaya held that a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment. Id. at 907. The Court finds Varga-Amaya to be distinguishable from the situation here, where the defendant has been

1

charged with an offense and a warrant issued based upon his failure to appear in the underlying criminal action.

A bench warrant issued for failure to appear is a valid warrant. See United States v. Gooch, 506 F.3d 1156, 1159 (9th Cir. 2007) ("We hold that a valid arrest warrant issued by a neutral magistrate judge, including a properly issued bench warrant for failure to appear, carries with it the limited authority to enter a residence in order to effectuate the arrest. . . ."); Cannon v. City of Petaluma, No. C 11-0651 PJH, 2012 WL 1183732, at *22 (N.D. Cal. Apr. 6, 2012) ("A bench warrant issued for failure to appear in a pending criminal matter is a valid warrant and provides authority for police officers to arrest the person identified in the warrant."); Zaic v. Giddens, No. 214CV00892RFBPAL, 2016 WL 4483843, at *5 (D. Nev. Aug. 23, 2016) (applying holding in Gooch to failure to appear warrant based upon civil proceedings). While these cases generally are in civil actions seeking damages, they do recognize the validity of a bench warrant issued for failure to appear.

"A warrant for arrest in a federal criminal case runs throughout the United States. The procedure to be followed when an arrest is made in one district for a federal offense alleged to have occurred in another district is set forth in Rule 40 of the Federal Rules of Criminal Procedure." United States v. Evans, 62 F.3d 1233, 1235 (9th Cir. 1995). Rule 40 of the Federal Rules of Criminal Procedure provides that a person must be brought to the magistrate without undue delay when they are arrested under a warrant in another district for failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156. Fed. R. Crim. P. 40(a)(i). Defendant Gonzalez was previously arrested and released with an order to appear in the Western District of Texas on August 14, 2014.

Pursuant to the Bail Reform Act upon appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be "(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section; (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or (4) detained under

subsection (e) of this section." 18 U.S.C. § 3142(a).  This provision applies to an individual who has been arrested on a warrant for failure to appear. United States v. Vega, 206 F.R.D. 266, 269 (N.D. Cal. 2002).  Defendant has not cited any case in which a federal court has found that it does not have jurisdiction to detain a criminal defendant on a failure to appear warrant and the Court finds that it has such authority. See also United States v. Janze, 124 F.R.D. 86, 89 (M.D. Pa. 1989) (Rule 40 requires application of the Bail Reform Act which allows the court to either to release the person on one or more specified conditions or to detain him or her, including temporary detention to permit revocation of conditional release.); United States v. Bigalk, 175 F.R.D. 628, 630 (W.D. Mo. 1997) (holding that Rule 40 requires the defendant to be "held" when arrested on a failure to appear warrant).

The Government seeks detention.  Under section 3142(f), the "judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community."  The Court is to consider the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

When Defendant Gonzalez failed to appear in the Western District of Texas on August

3

14, 2014, a warrant was issued for failure to appear. He is currently being pretrial by Pretrial Services in this district. Pretrial Services has prepared a report for this Court's consideration in the current matter. The Government seeks detention based upon the defendant's conduct on pretrial release and the failure to appear arguing he is a flight risk.

Here, Defendant Gonzalez has been charged with an offense involving a controlled substance, Conspiracy to Possession a Controlled Substance, and Possession of a Controlled Substance with Intent to Distribute. At the time that Defendant failed to appear in the Western District of Texas, he had been placed on pretrial release on March 3, 2017 and his conditions included that he was not to commit a federal, state, or local crime during the pendency of his case, not to use any narcotic drug or other controlled substance, and was to participate in substance abuse treatment. During his supervision, he missed drug testing on April 22, 2017; May 23, 2017; and July 8, 2017. He also had a urine test that was positive for the presence of cocaine on May 8, 2017. Defendant also failed to participate in substance abuse counseling sessions on May 25 and 30, 2017. Defendant was arrested on August 13, 2017 in Willcox, Arizona for driving under the influence.

The Court also considers that Defendant did maintain a stable residence and full-time employment during his pretrial release.

Defendant Gonzalez argues that once he was released from custody in Willcox, Arizona, he returned to Fresno, California, and contacted Pretrial Services voluntarily appearing in this Court which shows that he will appear in Texas if another hearing is set. However, Defendant does not explain why he came back to Fresno rather than continuing on to Texas. The Court takes judicial notice that Willcox, Arizona is significantly closer to El Paso, then it is to Fresno, California.[1] If Plaintiff was able to return to Fresno using the bus or train, it would appear that he could use public transportation to continue on to Willcox, Arizona. The Court finds that Defendant's failure to appear in El Paso, Texas was willful which indicates that he may not appear should he be ordered to appear in Texas on a future date.

---

[1] It is approximately 785 miles from Willcox, Arizona to Fresno, California. It is approximately 235 miles from Willcox, Arizona to El Paso, Texas.

4

Finally, the Court finds that Defendant Gonzalez is a danger to the community based upon the fact that he has been charged with possession of a controlled substance with intent to distribute and the evidence before the Court that Defendant is continuing to engage in drug related activity by testing positive for cocaine and missing numerous drug tests.

Based on review of Defendant's compliance with his prior conditions of release, the Court finds that there are no conditions that would reasonably assure his appearance if Defendant Gonzalez were released and that he is a danger to the community. For these reasons, this Court orders that Defendant Gonzalez be detained as both a flight risk and as a danger to the community.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Gonzalez shall be detained in custody;
2. Defendant Gonzalez shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
3. Defendant Gonzalez shall be afforded reasonable opportunity for private consultation with counsel;
4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant Gonzalez is confined shall deliver Defendant Gonzalez to a United States marshal for the purpose of an appearance in connection with a court proceeding; and
5. Defendant Gonzalez shall be transported forthwith to the Western District of Texas, El Paso Division.

IT IS SO ORDERED.

Dated: **August 18, 2017**

_____
UNITED STATES MAGISTRATE JUDGE